# Third District Court of Appeal

## State of Florida

Opinion filed July 15, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-2154
Lower Tribunal No. 22-3889-CA-01
_____

**Annesser Armenteros, PLLC, et al.,**
Appellants,

vs.

**Joseph C. Caparo, Jr., et al.,**
Appellees.

An Appeal from a non-final order of the Circuit Court for Miami-Dade County, Daryl E. Trawick, Judge.

Annesser Armenteros, PLLC, and John W. Annesser and Megan Lazo, for appellants.

Dorta Law, and Matias R. Dorta; Schlesinger Law Group, and Michael J. Schlesinger, for appellee Joseph C. Caparo, Jr.

Before LOGUE, LINDSEY and GORDO, JJ.

GORDO, J.

Annesser Armenteros, PLCC and Miguel Armenteros appeal the trial court's non-final order granting Joseph Caparo's request to amend his counterclaim to assert punitive damages. We have jurisdiction. Fla. R. App. P. 9.130(a)(3)(G). We affirm in part and reverse in part.

On appeal of an order granting a motion for leave to amend to assert punitive damages, "[o]ur standard of review is de novo." Menada, Inc. v. Arevalo, 417 So. 3d 402, 405 (Fla. 3d DCA 2025). "Our de novo review tests the sufficiency of the proffer in the light most favorable to the moving party, without accepting conclusory legal conclusions or labels such as 'gross misconduct' at face value." Id. (quoting McLane Foodservice Inc. v. Wool, 400 So. 3d 757, 761 (Fla. 3d DCA 2024)).

Section 768.72(1), Florida Statutes, sets forth the pleading standards for punitive damages. It states, "In any civil action, no claim for punitive damages shall be permitted unless there is a reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages." § 768.72(1), Fla. Stat. The statute creates "a substantive legal right not to be subject to a punitive damages claim and ensuing financial worth discovery until the trial court makes a determination that there is a reasonable evidentiary basis for recovery of punitive damages." Menada, Inc., 417 So. 3d at 405 (quoting

2

<u>Globe Newspaper Co. v. King</u>, 658 So. 2d 518, 519 (Fla. 1995)). "The statute requires the trial court to act as a gatekeeper and precludes a claim for punitive damages where there is no reasonable evidentiary basis for recovery." <u>Id.</u> (quoting <u>Bistline v. Rogers</u>, 215 So. 3d 607, 611 (Fla. 4th DCA 2017)).

"[T]he gatekeeping function of the trial court in assessing a motion to amend to add a claim for punitive damages requires a determination of whether the proffer, if proven, provides competent, substantial evidence at trial upon which a rational trier of fact could find that the defendant specifically intended to engage in intentional or grossly negligent misconduct that was outrageous and reprehensible enough to merit punishment." <u>McLane Foodservice Inc.</u>, 400 So. 3d at 760-61 (internal quotation marks and citation omitted). "Punitive damages are appropriate when a defendant engages in conduct which is fraudulent, malicious, deliberately violent or oppressive, or committed with such gross negligence as to indicate a wanton disregard for the rights of others." <u>W.R. Grace & Co.-Conn. v. Waters</u>, 638 So. 2d 502, 503 (Fla. 1994).

We find there is no reasonable showing by evidence in the record or proffered by Caparo which would provide a reasonable basis for recovery of damages against Miguel Armenteros. Caparo's complaint and proffer allege

3

the appellants aided and abetted Ocomo's fraud and breaches of fiduciary duty by drafting and recording a fraudulent quit claim deed. John Annesser was the lead attorney and only partner at the firm involved in Ocomo's representation at the inception of the case. At his direction, a law firm associate prepared a quit claim deed and inadvertently left Miguel Armenteros's name in the "prepared by/return to" section. The record evidence was that Miguel Armenteros did not know Ocomo, never spoke to him or represented him and did not review any quit claim deed. In fact, Caparo's amended motion for leave to amend his counterclaim to assert punitive damages contains no evidence that Miguel Armenteros drafted the quit claim deed, directed it to be recorded or otherwise had any involvement whatsoever in the case.

John Annesser is a managing partner at the firm. We find the proffer and record do contain sufficient allegations against Annesser Armenteros, PLLC to allow an amendment for a punitive damages claim. See Palm Bay Towers Condo. Assoc., Inc. v. Marrazza, 404 So. 3d 552, 557 (Fla. 3d DCA 2025) ("[B]ecause a corporation cannot act on its own, 'there must be a showing of willful and malicious action on the part of a managing agent of the corporation' to establish direct punitive liability." (quoting Fla. Power & Light Co. v. Dominguez, 295 So. 3d 1202, 1205 (Fla. 2d DCA 2019))); JVA

4

Eng'g Contractor, Inc. v. Doral 10, LLC, 402 So. 3d 1175, 1177 (Fla. 3d DCA 2025) ("[T]o assert a punitive damages claim against [a corporation], it was incumbent upon [the claimant] not only to allege and proffer evidence of a [corporation] employee's 'intentional misconduct' . . . but also to allege and proffer evidence that [the corporation] either participated in the employee's conduct, condoned, ratified, or consented to the employee's conduct, or itself engaged in the conduct." (citing § 768.72(3), Fla. Stat. (2024))).

"While this isn't the time to prove that the defendant was . . . guilty of intentional misconduct . . . we find here that if the alleged conduct is proven to be true at trial, it could rise to the level of outrageous behavior of the sort warranting recovery of punitive damages."  Weiss v. Weiss, 432 So. 3d 616, 617 (Fla. 3d DCA 2026).  See also, McLane Foodservice Inc., 400 So. 3d at 760 ("This isn't the time to prove the case, or even to determine that the evidence proffered itself constitutes 'clear and convincing evidence . . . that the defendant was personally guilty of intentional misconduct or gross negligence.'" (quoting § 768.72(2), Fla. Stat.)); Menada, Inc., 417 So. 3d at 407 (Gordo, J., specially concurring) ("If the alleged conduct is proven to be true at trial, it could rise to the level of outrageous behavior of the sort warranting recovery of punitive damages.").

Accordingly, we reverse that part of the order granting leave to assert punitive damages against Miguel Armenteros.

Affirmed in part; reversed in part.

LOGUE, J., concurs.

LINDSEY, J., specially concurring:

I write to acknowledge and recognize that our Florida Supreme Court recently addressed the standard for amending to add a claim for punitive damages in <u>Perlmutter v. Fed. Ins. Co.</u>, No. SC2024-0058, 2026 WL 1689765, at *1 (Fla. June 11, 2026). While their decision does not alter the outcome here, it sets the bar for all such cases.

In <u>Perlmutter</u>, our high Court held that under section 768.72(1), Florida Statutes, a claimant does not need to prove by clear and convincing evidence that there is a reasonable basis for the recovery of punitive damages at the pleadings stage of litigation. <u>See</u> <u>Perlmutter</u>, 2026 WL 1689765, at *1 (Fla. June 11, 2026). Instead, at the pleadings stage, "the test for deciding evidentiary sufficiency . . . is whether a reasonable person could conclude, based on the claimant's evidence, that the defendant committed 'intentional misconduct' or 'gross negligence'" as set out in section 768.72(2), Florida Statutes. <u>Id.</u> at *4.

And when deciding whether to grant a claimant's motion, "the trial court should consider only the evidence identified or proffered by the claimant; it

should not entertain an evidentiary counter-submission from the opponent."

Id.

The majority's opinion is consistent with this holding. Indeed, the claimant, Caparo, provides no evidentiary basis for alleging punitive damages for intentional misconduct against Armenteros. But Caparo does provide sufficient record evidence that a reasonable person could conclude Armenteros Annesser, PLLC, committed intentional misconduct because of the managing agent's, John Annesser, representation of Ocomo. Accordingly, I concur and join the majority's decision.